Vik Pawar, Esq.
35 Airport Road, Suite 330
Morristown, New Jersey
(212)-571-2266 (phone)
(212)-656-1645 (fax)
vik@pawarlaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------------X
JOHAN DECOSTA,

                                  Plaintiff,

        -against-                                           **COMPLAINT**

                                                                  **Jury Trial Demanded**

CITY OF NEWARK, NEWARK POLICE DEPT.;
POLICE CHIEF JOHN DOE, POLICE DIRECTOR
GARY MCCARTHY, OFFICER J. BOWIE, COUNTY
OF ESSEX; JOHN and JANE DOES 1 through 10,
Individually and in his official capacities, (the names John
and Jane Doe being fictitious, as the true names of the
individuals and government agencies are presently unknown),

                                  Defendants.

-------------------------------------------------------------------------X

        Plaintiff JOHAN DECOSTA (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

        1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New Jersey and the United States.

1

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States and New Jersey Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331, and 1343.

## VENUE

4. Venue is properly laid in the District of New Jersey under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Essex, State of New Jersey.

7. Defendant City of Newark (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

8. Defendant City maintains defendant Newark Police Department (hereinafter "Police Department"), authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation.

9. That at all times hereinafter mentioned, the individually named defendants, Officer Bowie and JOHN and JANE DOES 1 through 10, were/are employees of the government agencies listed in the caption. They are sued in their individual and official capacities.

10. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of his employment by defendants City and Police

Department.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in his individual capacities.

## FACTS

12. On March 8, 2007, plaintiff was lawfully walking on Isabella Avenue in the City of Newark, County of Essex, State of New Jersey.

13. On March 8, 2007, members of the Police Department were in an unmarked car and got out of the car and chased plaintiff.

14. The members of the Police Department did not identify themselves as officers and ran after plaintiff.

15. After defendants Bowie and other yet to be named individuals, caught up with plaintiff, they beat him and effected an unlawful arrest.

16. The defendants inflicted physical and emotional injuries on plaintiff causing fractures and lacerations all the while stating that they would pistol whip plaintiff for running from them.

17. Plaintiff was taken against his will to the Police Department where defendants deliberately failed to render necessary medical assistance to plaintiff, who was obviously injured.

18. At the aforesaid time and place, the defendants unlawfully and without reasonable suspicion or any just cause, took plaintiff's property and failed to return the property.

19. Defendants' conduct caused severe and permanent physical injuries to plaintiff and plaintiff continues to emotionally and physically suffer from these injuries.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights under the Fourth Amendment-Excessive Force)

20. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "19" with the same force and effect as if fully set forth herein.

21. The level of force employed by defendants was objectively unreasonable and in violation of Plaintiff' constitutional rights under the Fourth and Fourteenth Amendments.

22. As a result of the aforementioned conduct of defendants, Plaintiff's constitutional right to be free from excessive force was violated and she sustained physical injuries.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

25. As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in the presence by other officers.

28.     The defendants failed to intervene to prevent the unlawful conduct described herein.

29.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and was humiliated and Plaintiff was subjected to violation of his state and federal rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Property)

30.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     The defendants intentionally, negligently, and/or recklessly destroyed and/or damaged Plaintiff's property and liberty interest and by denying his access to enjoyment of his property without due process.

## AS AND FOR A FIFTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.     The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, assaulting and battering individuals suspected of crimes, and then taking property away from these individuals without due process.  In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.  As a result of the failure

of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

35. The foregoing customs, policies, usages, practices, procedures and rules of the defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

36. Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Deliberate Indifference)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which was deliberately indifferent to Plaintiff's rights.

39. As a result, Plaintiff's rights were violated.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Fifty Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.


Dated: New York, New York
       September 3, 2008

                                        LAW OFFICES OF VIKRANT PAWAR
                                        321 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 571-2266

                                        By:    /s Vikrant Pawar
                                               VIKRANT PAWAR (VP9101)
                                               Attorneys for Plaintiff